FREDERICK DEI v. ROSA HABEL AND BERNHARDT HABEL.

*A widow's homestead and dower.*

A widow whose child dies after her husband and who marries again, loses the homestead right acquired through her former husband, though she retains her dower.

Case made after judgment from Oakland. Submitted April 25. Decided June 4.

EJECTMENT by Dei as administrator of Charles Dei for premises occupied by Rosa Habel and her husband, and claimed by her as her homestead as widow of Charles Dei. Plaintiff had judgment below.

*Crofoot & Burtt* from plaintiff. A widow's remarriage forfeits her homestead right, *Anderson v. Coburn,* 27 Wis., 558.

*Adam E. Bloom* and *James E. Sawyer* for defendants. A widow's remarriage does not forfeit her right in the homestead of the first husband, *Miles v. Miles,* 46 N. H., 261; *Norris v. Moulton,* 34 N. H., 392; 1 Redf. on Wills, 383; the policy of the law is against restraints upon marriage, 1 Story's Eq. Jur., §§ 274–6; *Phillips v. Medbury,* 7 Conn., 568; *Hartley v. Rice,* 10 East, 22.

MARSTON, J. Rosa Habel was the wife of Charles Dei, who was seized in fee of the premises in controversy and occupied the same as his homestead during his lifetime. He died leaving Rosa, his widow, and one child aged about four months. This child died about five weeks after its father's death, and on the following day Rosa married defendant Habel. Rosa after the death of her first husband continued, and still continues, with her second husband, to occupy the land claiming it as her homestead. Is she so entitled?

Section 2, Article XVI. of the constitution protects

certain premises as a homestead while owned and occupied by any resident of the State. After the death of the owner it is exempt from the payment of his debts * * * in all cases during the minority of his children. Section 3. By section 4 "If the owner of a homestead die, leaving a widow but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during the time of her widowhood, unless she be the owner of a homestead in her own right."

The right claimed in this case must depend upon the provisions of this section, and section one of chapter 193 of the Compiled Laws must be construed as being in harmony with the constitution, and not, as applicable to this case, enlarging its provisions in any way. Neither can the fact that a child was living at the time of Charles Dei's death, but since deceased, give the defendant any greater or different right than she would have been entitled to if no children had been living.

We consider it clear that under the constitution Rosa Dei upon marrying Habel, at once lost all claim to the property as a homestead. Her dower interest she would retain; but this has been recognized and allowed to her. The homestead is given to the widow, not generally, or for life, but during her widowhood. This limits the right, and although she may survive the second marriage, her widowhood is thereby ended and with it all right to the homestead.

The judgment must be affirmed, with costs.

The other Justices concurred.